# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TAMMY RENEE RODDEN,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>CH-0714-19-0340-B-1<br><br><br>DATE: May 1, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janet Constance, Kansas City, Missouri, for the appellant.

Robert J. Harrison, Hot Springs, Arkansas, for the appellant.

Ruth Russell, Kansas City, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Following a Board-ordered remand of this appeal for further adjudication, as discussed in the remand initial decision, the appellant failed to appear for an initial status conference and a rescheduled status conference and failed to respond to the administrative judge's show cause order instructing the appellant to explain her absences on threat of dismissal of the appeal for failure to prosecute. Remand Appeal File (RAF), Tabs 2-5. On October 21, 2024, the administrative judge issued a remand initial decision dismissing the appeal for failure to prosecute. RAF, Tab 5, Remand Initial Decision (RID) at 1, 5. The decision indicated that it would become final on November 25, 2024, unless a petition for review was filed by that date. RID at 5.

On January 8, 2025, the appellant filed a "request to reopen" the remand initial decision. Petition for Review (PFR) File, Tab 1. The office of the Clerk of the Board issued an acknowledgement order in which it informed the appellant that it was processing her pleading as an untimely petition for review of the October 21, 2024, remand initial decision, advised the appellant that her petition for review was untimely filed, informed her that she may file a motion to accept the filing as timely and/or to waive the time limit for good cause, and provided a copy of a sample motion. PFR File, Tab 2 at 1-2, 5-6. The agency has filed a response. PFR File, Tab 3. The appellant has filed a reply, as well as a motion for leave to submit additional evidence. PFR File, Tabs 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of her petition for review. 5 C.F.R.

§ 1201.56(b)(2)(B); *see McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007). The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *See* 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007); *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

As previously noted, the initial decision was issued on October 21, 2024, and so any petition for review of the decision was due by no later than November 25, 2024. RID at 1, 5. With her reply to the agency's response to the petition for review, the appellant asserts that she first discovered that the initial decision had been issued on October 28, 2024[2], four days after the initial decision was issued, when her ex-husband discovered an email from the Board while preparing to recycle old electronic devices. PFR File, Tab 4 at 8. To the extent the appellant is suggesting that she did not receive the initial decision, the initial

---

[2] In the pleading, the appellant twice identifies October 28, 2025, as the date that she first became aware of the initial decision dismissing her appeal for failure to prosecute. PFR File, Tab 4 at 8, 10. However, given that this date postdates her February 17, 2025 pleading, it appears that this is a typographical error and should instead identify October 28, 202<u>4</u>, as the date she first became aware of the issuance of the initial decision.

decision was sent to her address of record on file with the Board, and she was responsible for notifying the Board of any change of address. RAF, Tab 5 at 13; *see Jacks v. Department of the Air Force*, 114 M.S.P.R. 355, ¶ 8 (2010); 5 C.F.R. § 1201.26(b)(2). There is no indication that she did so, and her failure to do so indicates a lack of due diligence and ordinary prudence on her part. *See Jacks*, 114 M.S.P.R. 355, ¶ 8 (finding that the appellant's failure to notify the Board of a change in address caused a delay in his receipt of the initial decision and did not reflect due diligence); *Graham v. U.S. Postal Service*, 32 M.S.P.R. 572, 574 (1987) (concluding that a failure to notify the Board of an address change does not constitute excusable neglect warranting waiver of a filing deadline).

Nevertheless, even if we were to credit the appellant's assertion that she was first notified of the issuance of the initial decision by email on October 28, 2024, her petition for review, electronically filed on January 8, 2025, was still untimely by at least 40 days. RID at 1, 5. Although the appellant was assisted by a representative below, she appears to have filed her petition for review pro se. PFR File, Tab 1 at 7; RAF, Tab 2 at 4; *Rodden v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-19-0340-I-1, Initial Appeal File, Tabs 6, 30. Nevertheless, the appellant's 40-day delay in filing is not minimal. *See, e.g., Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 8 (2010) (concluding that an 11-day delay is not minimal); *Gaines v. U.S. Postal Service*, 96 M.S.P.R. 504, ¶ 7 (2004) (finding that a delay of 37 days is not minimal); *Robinson v. Office of Personnel Management*, 85 M.S.P.R. 589, ¶ 6 (concluding that an approximately 30-day delay in filing a petition was not minimal and did not provide a basis for waiving the filing deadline), *review dismissed*, 250 F.3d 762 (Fed. Cir. 2000) (Table). The Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, for even shorter delays in cases that involved pro se appellants. *See e.g., Jacks*, 114 M.S.P.R. 355, ¶¶ 10-11 (declining to excuse a 14-day delay when the pro se appellant failed to show good cause for the delay); *Lockhart v. Office of Personnel Management*, 94 M.S.P.R.

396, ¶¶ 7-8 (2003) (declining to excuse a pro se appellant's 5-day delay in filing his petition for review when he failed to show good cause for the delay).

The appellant's arguments for setting aside the time limit also do not provide a basis for waiver of the filing deadline. In her reply, the appellant identifies "multiple significant personal hardships" as contributing to her untimeliness, including the deaths of her husband and her father, her taking over as caregiver for her seriously ill mother beginning June 1, 2024, starting a new job, and sustaining injuries including whiplash and a sprained knee in an automobile accident on November 8, 2024, and requests that the Board find that good cause exists for her delay in filing. PFR File, Tab 4 at 8-9. She asserts that after she discovered the decision, she immediately contacted her union representative and attempted to make contact with other union officials, and began gathering documents in order to prosecute her appeal pro se. *Id.* at 9.

However, the appellant has not identified the dates of the passing of her husband and her father, or when she began her new job. Accordingly, it is unclear how these events affected her ability to timely file her petition for review. *See Keys v. Office of Personnel Management*, 113 M.S.P.R. 173, ¶ 7 (2010) (determining that the appellant's general reference to her sister's illness and death did not provide a basis for waiver of the filing deadline); *Ruoff v. Federal Aviation Administration*, 16 M.S.P.R. 249, 250-52 (1983) (finding that the appellant's bare assertion that he was in "serious mental trauma" due to his daughter's death was insufficient to establish good cause for failing to follow orders and timely prosecuting his appeal).

Similarly, the appellant has not specifically identified how caring for her seriously ill mother starting June 1, 2024, prevented her from filing a Board appeal during the relevant period, and the Board has regularly held that general allegations of illness in an appellant's family do not alone provide a basis for waiver of a filing deadline. *See Greenberg v. Department of Justice*, 91 M.S.P.R. 42, ¶¶ 4-5 (2002) (finding no good cause for an untimely petition for review when

the appellant did not specify how taking care of a sick family member prevented him from pursuing his appeal); *Bailey v. U.S. Postal Service*, 85 M.S.P.R. 105, ¶¶ 2, 4-6 (2000) (finding no good cause for the untimely refiling of an appeal when the appellant did not show how his circumstances as the sole care provider for his elderly mother who had cancer affected his ability to refile his appeal); *Virgil v. U.S. Postal Service*, 75 M.S.P.R. 109, 113 (1997) (rejecting the appellant's claim that caring for his brother who was ill and died of cancer and tending to matters pertaining to the death of his uncle established good cause for his untimely filed petition).

Additionally, although the Board has found that good cause may exist for a pleading that was untimely due to a serious health condition, the appellant has not argued, and the record does not reflect, how the whiplash and sprained knee injuries she sustained during an automobile accident on November 8, 2024, prevented her from timely filing her petition for review during the relevant period. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (concluding that, to establish good cause to excuse an untimely filed petition for review based on mental or physical incapacity, the appellant must (1) identify the time period during which she suffered from the illness; (2) submit corroborating evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her petition or request for an extension of time); *see also Turner-Thompson v. Office of Personnel Management*, 112 M.S.P.R. 418, ¶¶ 6-8 (2009) (finding no good cause when the appellant alleged that her untimeliness was the result of an automobile accident that left her with physical injuries and memory loss, concluding that she failed to establish that her medical conditions were severe enough to have prevented her from timely filing a petition for review); *Cameron v. Department of the Navy*, 112 M.S.P.R. 350, ¶ 13 (2009) (finding no good cause shown when a petition for review did not offer any evidence or explanation as to why an appellant's health issues resulted in delay in filing). For example, she has

not asserted that she was hospitalized, incapacitated, or otherwise physically or mentally unable to understand or to respond to the Board's orders. *See Malfitano v. Department of the Navy*, 63 M.S.P.R. 260, 262 (1994) (finding that general claims of mental and emotional impairment, unsupported by medical documentation, did not establish good cause for the untimely filing of a petition for review), *aff'd*, 45 F.3d 444 (Fed. Cir. 1995) (Table).

Accordingly, we dismiss the petition for review as untimely filed.[3] This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] We also deny the appellant's motion for leave to file supplemental evidence. PFR File, Tab 6. In the motion, the appellant requests to submit supplemental evidence that she asserts will demonstrate that the agency knew of the appellant's correct address and intentionally misdirected its pleadings. *Id.* at 4-5. The relevant consideration regarding the timeliness of the appellant's petition for review concerns her receipt of the remand initial decision, not the agency's pleadings. Because we have concluded that the initial decision was properly served on the appellant at her address of record, additional evidence regarding the agency's alleged misdirection of its pleadings would not aid the Board's resolution of the timeliness issue and is therefore unnecessary.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

*Gina K. Grippando*

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.